Edward O. Provenzano, J.
Petitioner requests, by the application ¡herein: I, review pursuant to article 78 CPLft; II, a judgment annulling the determination of the respondents denying approval of the subject sewer disposal facilities; III, a judgment declaring that the petitioner herein has satisfactorily demonstrated -sufficient hardship and special circumstances within the meaning of paragraph b of subdivision 5 of -section 17-1513 of 'the Environmental Conservation Law; IV, a judgment declaring that the application for the approval of the sewage disposal system for single residential lot herein-fully complies with subdivisions 1 and 2 of section 17-1513z of the Environmental Conservation Law and that -said disposal system is therefore entitled.to certification by the -respondents herein; V, such other and further relief as to the court seems just, proper iand equitable.
Of course, petitioner’s request for review has been honored. Petitioner’s requests designated IÍ, III and IV are denied for the reasons hereinafter stated.
The factual background reveals that petitioner made application for approval of -sanitary facilities for the subject lot, first as -an individual prospective purchaser of said lot — said application was denied; then, application was made by Walter and .Violet Youngman, then owners -of the -subject lot — said application was denied; finally, the corporate petitioner made application as owner of said lot —said application was denied. It appears from the papers submitted that the denials by respondents of all but the final application were based on the failure by petitioners to comply with formalities and conditions prescribed by the respondents. It further appears that the last application was based on the “ hardship ’’ provision of paragraph b of subdivision 5-of section 17-1513 of the Environmental Conservation Law.
Petitioner -argues that respondents’ determination is contrary to the provisions of the Environmental Conservation Law invoked by petitioner (-§ 17-1513, subd. -5, par. b), and was arbi *53 trary, capricious and in abuse of discretion. Petitioner has not shown, to the satisfaction of this court, by the -submitted papers or by argument of -counsel that the conditions imposed by respondents were unreasonable, nor that they were unnecessary for the respondents to determine that petitioner’s “lot” met the required standards for approval.
Petitioner’s position that relief is warranted because of ‘ ‘ hardship ’ ’ is rebutted by respondents ’ position that if, in fact, a “hardship” exists, it was self-imposed and therefore petitioner should be denied relief. Respondents suggest that the self-imposed “hardship” ¡situation found in “zoning” cases is analogous to the petitioner’s situation herein, (cf. Matter of Kenyon v. Quinones, 43 A D 2d 125.)
This court agrees with respondents ’ position concerning “hardship”. However, since respondents, despite the stand taken on “ hardship ”, intimated -that a “ ¡special application ” should have been used by petitioner, it appears that should petitioner comply with the “conditions” concerning the proper operation of the sewage disposal system on the subject “ adjacent lots ” (it appears that petitioner’s engineers’ statement would ibe sufficient) that respondent would consider -such “ special application ” presumably under that provision of paragraph b of subdivision 5 of section 17-1513 providing for establishment of “special circumstances ” to the satisfaction of the appropriate department.
Accordingly, petitioner’s motion is in all respects denied, without costs and without prejudice to petitioner to renew its application if -so advised.